GRISBAUM, Judge.
This is a medical malpractice case. Appellant Charles Daigle claims that appellees Drs. Horn, Rozas and McKeon lacked adequate skill or failed to utilize their skill in treatment of his foot. The trial court rendered judgment in favor of appellees and dismissed appellant’s suit at his cost. We affirm.
On September 20, 1974 appellant was working as a switchman for a private company. His right foot slipped and was run over by the wheel of a railroad car. He was immediately taken to West Jefferson General Hospital’s emergency room and examined by Dr. Horn, an orthopedic surgeon. Dr. Horn reported that the accident resulted in a traumatic amputation of the right foot extending to the base of the metatarsals, translated as a loss of appellant’s forefoot. Appellant was placed on various antibiotics during his entire stay at West Jefferson. He was operated on the first day to remove the fragmented bones and muscles. Dr. Horn’s partner, Dr. Rozas, saw the appellant a few times in the hospital but was not actively involved in his treatment.
On October 16, 1972, Dr. James McKeon, a plastic surgeon, did a debridement of the right foot involving cutting away of dead tissue. Appellant became disturbed with his treatment after the debridement and on October 18th told Dr. McKeon that he did not want his services any longer.
Dr. Day, another plastic surgeon, was then called in on the case. He followed appellant until Mr. Daigle was transferred to Touro Infirmary per appellant’s request on October 24,1974. Mr. Daigle then came under the care of Dr. Stuart Phillips, an orthopedic surgeon. Dr. Phillips subsequently performed a below the knee amputation on appellant.
*1196 Appellant filed suit on September 22, 1975 against West Jefferson General Hospital, Drs. Raymond E. Horn, Earl J. Rozas, James A. McKeon, and James Dudley Day. A Motion for Summary Judgment was granted on behalf of West Jefferson and Dr. Day on April 3, 1980 and May 23, 1980 respectively. On June 23, 1981 a trial was held and on July 10, 1981 judgment was signed dismissing appellant’s suit against the remaining appellees.
The sole issue is whether the appellees exercised improper care resulting in an infection of appellant’s foot and leg, necessitating a below the knee amputation.
In a malpractice action based on the negligence of a physician, the plaintiff’s burden of proof is set out in Louisiana Revised Statute 9:2794 which states:
A. ... (T)he plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians or dentists licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians or dentists within the involved medical speciality.
(2) That defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill, and
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
******
C. In medical malpractice actions the jury shall be instructed that the plaintiff has the burden of proving, by a preponderance of the evidence, the negligence of the physician or dentist. The jury shall be further instructed that injury alone does not raise a presumption of the physician’s or dentist’s negligence. The provisions of this Section shall not apply to situations where the doctrine of res ipsa loquitur is found by the court to be applicable.
Appellant called as his main witness Dr. Stuart Phillips, the orthopedic surgeon who performed the amputation. He stated that when he first saw the appellant on October 24, 1974 he saw no serious infection, evidenced by the fact that he did not give appellant antibiotics. He testified that the treatment received by the appellant at West Jefferson was reasonable and proper. He at no time placed any blame on the appellees for the resulting amputation. It was his professional judgment that a below the knee amputation was preferred to the partial foot the appellant was left with.
The trial judge gave oral reasons for judgment at the conclusion of the trial. He found that the evidence failed to prove by a preponderance of the evidence any negligent action on the part of the appellees. Upon examining the record, we find the appellant failed to show any lack of knowledge of skill or failure to use reasonable care and diligence. He also failed to show any proximity between appellees’ treatment of appellant and the ensuing amputation.
For the reasons assigned, the judgment is affirmed.
AFFIRMED.